IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT AND JURY DEMAND** |
| WATERFORD SCHOOL DISTRICT, | ) ) ) ) | |
| Defendant. | ) ) ) ) ) ) | |

# NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Michael Erskine. As alleged with greater particularity in paragraph 11 below, the Commission alleges that Defendant, Waterford School District, violated the Age Discrimination in Employment Act by retaliating against Michael Erskine by failing to recall Michael Erskine to his full-time social

studies teaching position in retaliation for filing a charge alleging age discrimination.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District Court of Michigan.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the Commission") is the agency of the United States charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of

Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

    4.    At all relevant times, Defendant, Waterford School District (the "Employer"), has continuously been a school district in the State of Michigan and the City of Waterford, and has continuously had at least 20 employees.

    5.    At all relevant times, Defendant Employer has continuously been an employer within the meaning of Sections 11(b) of the ADEA, 29 U.S.C. §§ 630(b).

## ADMINISTRATIVE PROCEDURES

    6.    More than thirty days prior to the institution of this lawsuit, Michael Erskine filed a charge with the Commission alleging violations of the ADEA by Defendant Employer.

    7.    On September 13, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADEA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices in the Letter of Determination. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

9. On December 5, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least September 2016, the Defendant Employer has engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1). Specifically, the Employer engaged in the following:

   a. Michael Erskine first started working for Defendant as a full-time Social Studies teach at Waterford Mott High School in the fall of 1995. Erskine enjoyed his job and had favorable performance reviews.

    b.    Defendant Employer laid Erskine off in June 2015. Defendant Employer said Erskine was laid off due to declining enrollment. In October 2015, after the 2015-2016 school year started, Defendant Employer recalled Erskine to a part-time position rather than return him to his previously held, full-time position teaching social studies. Because Erskine believed he was laid off due to his age and was aware of several other older teachers who were also laid off, on November 13, 2015, Erskine filed a Charge of Discrimination with the Commission wherein he alleged he was subjected to unlawful age discrimination.

    c.  In May 2016, towards the end of the school year, Defendant Employer evaluated Erskine and gave him a score on his evaluation that was substantially lower than any of his previous scores. On June 6, 2016, immediately after the school year, Defendant Employer laid Erskine off again.

    d.  Since Erskine filed his EEOC charge alleging age discrimination, Defendant Employer has recalled teachers, has had teachers working overtime, and has hired teachers, including a full-

time social studies teacher—a job which Erskine was qualified and licensed to do.

 e. To date, Defendant Employer has not recalled Erskine to his full-time social studies teaching position.

 f. Defendant Employer gave Erskine a low evaluation and failed to recall him in retaliation for his filing an EEOC charge.

 12. The effect of the practices complained of in paragraph 11 has been to deprive Michael Erskine of equal employment opportunities and otherwise adversely affect his status as an employee because he engaged in protected activity.

 13. The unlawful employment practices complained of in paragraph 11 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

 A. GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against employees based on their opposition to any employment

practice made unlawful by the ADEA, including retaliation against employees for filing charges alleging age discrimination.

  B. ORDER Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who engage in activities protected by the ADEA, and which eradicate the effects of its past and present unlawful employment practices.

  C. GRANT a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof to Michael Erskine whose wages are being unlawfully withheld as a result of the acts complained of above.

  D. ORDER Defendant Employer to make whole Michael Erskine who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement of Michael Erskine.

  E. GRANT such further relief as the Court deems necessary and proper in the public interest.

  F. AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

         EQUAL EMPLOYMENT
         OPPORTUNITY COMMISSION

         KENNETH L. BIRD
         Regional Attorney

         OMAR WEAVER
         Supervisory Trial Attorney


          s/ Nedra Campbell
         NEDRA D. CAMPBELL (P58768)
         Trial Attorney
         DETROIT FIELD OFFICE
         Patrick V. McNamara Federal Bldg.
         477 Michigan Ave, Room 865
         Detroit, Michigan 48226
         (313) 226-3410
         nedra.campbell@eeoc.gov

Dated: March 28, 2018